**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LEJUAN CARTER, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:05-CV-2346 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Lejuan Carter's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion to Vacate"). [Doc. 1] For the reasons discussed below, the Court concludes that three grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing. Two grounds –Movant's assertions concerning whether he asked his attorney to file a notice of appeal and whether his attorney should have submitted a psychological examination report that would have established diminished capacity– cannot be determined based on the record before the Court, and the Court will conduct an evidentiary hearing as to these two issues only.

*Background*

On May 27, 2004, a criminal complaint was filed charging movant, having been previously convicted of a felon, with possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 24, 2004, movant was indicted on this same charge. The Federal Public Defender's Office was appointed to represent movant. In September 2004, the parties reached a plea agreement under which movant would plead guilty to the charge against him.

Movant pleaded guilty as charged before the Court on September 28, 2004, pursuant to a written Plea Agreement, Guidelines Recommendations and Stipulation ("Plea Agreement"). Pursuant to the Plea Agreement, movant agreed to plead guilty to having been previously convicted of a felon, with possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the purpose of sentencing, the parties agreed that the base offense level should be increased by two levels under U.S.S.G. Section 2K2.1(b)(1)(A) because the offense involved three firearms, and increased by two levels under 2K2.1(b)(4) because one of the firearms was stolen. (Plea Agreement at 6,¶ 3.B.(2)). The parties agreed that movant's criminal history category would be determined by the District Court after review of a presentence report. (Plea Agreement at ¶ 3.G). The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered.

The PSR recommended that movant's base offense level was 24 because movant "committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." (PSR at 3). Because the offense involved three firearms, the PSR recommended that two levels be added pursuant to U.S.S.G. Section 2K2.1(b)(1)(A), and that two levels be added under 2K2.1(b)(4) because one of the firearms was stolen. (PSR at 3). The PSR also recommended that movant should receive a three-level reduction for acceptance of responsibility under Section 3E1.1(a) and (b), for a total offense level of 25. (PSR at 4). In the PSR, movant's criminal history was calculated to be a category VI, based upon a total of thirteen criminal history points. (PSR at 9). The Guidelines sentencing range was determined to be 110 to 120 months. (PSR at 12).

The Plea Agreement states in part that movant was fully satisfied with the representation he received from his attorney, and that movant had reviewed the government's evidence and discussed

2

the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement at 14). The Plea Agreement also states that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Plea Agreement at 14). Movant waived his right to file an appeal with respect to non-jurisdictional issues. (Plea Agreement at 2-3). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Plea Agreement at 3)

On December 21, 2004, movant appeared with his attorney, Lucy Liggett of the Federal Public Defender's Office, for sentencing. The Court sentenced movant to 100 months imprisonment and two years supervised release. The Court found on its own motion that movant's criminal history had been overstated as to multiple driving convictions, and it granted a downward departure. No direct appeal was filed.

In the § 2255 motion before the Court, movant asserts five grounds for relief. Ground One asserts ineffective assistance of counsel for "failing to file a notice of appeal." Ground Two asserts ineffective assistance of counsel for "failing to object to erroneous criminal history score." Ground Three asserts ineffective assistance of counsel for "failing to submit a private psychological examination report which had established grounds to depart downward for diminished capacity." Ground Four asserts ineffective assistance of counsel for "failing to object [to movant]'s prior convictions as crimes of violence." Ground Five asserts his sentence was "unlawfully imposed and exceeds the maximum guidelines range applicable to the facts charged in the indictment and admitted by the petitioner, and counsel was ineffective when failing to object to the unlawful sentencing enhancements."

3

*Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

*Discussion*

Movant claims ineffective assistance of counsel as the basis for all five grounds for relief. To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors,

4

the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

   A.   **Notice of Appeal**

Movant asserts in Ground One that he requested that his attorney file a notice of appeal but she declined to do so. An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling a movant to § 2255 relief. Watson v. United States, 493 F.3d 960 963-64 (8th Cir. 2007); Evans v. United States, No. 1:05CV0099 ERW, 2006 WL 1300672, at * 5 (E.D. Mo. May 7, 2006). No inquiry into prejudice or likely success on appeal is necessary. Watson, 493 F.3d at 963-64; Holloway v. United States, 960 F.2d 1356-57 (8th Cir. 1992). If it is established movant expressed a desire to file an appeal and his counsel failed to do so, the appropriate remedy is to re-sentence movant, thus affording him an opportunity to take a timely direct appeal. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed, however, movant must show that he instructed his counsel to file an appeal. Id. "A bare assertion by the petitioner that [ ]he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger, 204 F.3d at 1182; see also Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam).

Upon consideration of the record in this matter, the Court finds it necessary to hold an evidentiary hearing in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of movant's counsel. See Crutcher v. United States, 2 F. App'x 658 (8th Cir. 2001).

### B. Criminal History Calculation

In his Second Ground for relief, movant avers his appointed counsel, Lucy Liggett, "failed to put the government to its burden of proof" and object to the erroneous criminal history calculation in the PSR, which, he argues, resulted in an unlawful increase of his sentence. More particularly, movant claims there was insufficient evidence to include in his criminal history a prior conviction for second degree tampering that occurred in 1994, for which he was arrested under an alias. Movant does not meet the Strickland standard for this claim. The Court finds movant has not shown his attorney's performance to be deficient. Attached to the government's response to the Court's order to show cause is an affidavit signed by Lucy Liggett. In the affidavit, Ms. Liggett states she did investigate the circumstances of the tampering conviction, and based on the review of the records and her conversation with movant, she could not submit to the Court that the conviction belonged to another person or that movant had not pleaded guilty to the charge. Movant has not shown Ms. Liggett's "performance was deficient" such that "it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723. But in any event, movant has not shown prejudice. He has offered no evidence that the tampering conviction was not his conviction. Furthermore, movant objected to the inclusion of the tampering conviction in his criminal history at the sentencing hearing. This Court considered movant's objection, and it was overruled. Movant's Second Ground for relief has no merit.

### C. Submission of Psychological Examination Report

In Ground Three, movant claims his attorney was ineffective for failing to submit a psychological examination report and seek a downward departure based on diminished capacity. Movant did not provide the Court with a copy of the report because, he alleges, it was never provided

6

to him. Because the record is insufficient in this regard, the Court also finds it necessary to hold an evidentiary hearing regarding the merits of movant's Third Ground for relief.

### D. Classification of Prior Convictions

As for his Fourth Ground for relief, movant avers his appointed counsel, Lucy Liggett, "failed to put the government to its burden of proof" and object to the classification of his prior convictions as crimes of violence or controlled substance offenses. Movant cannot show Ms. Liggett's performance was deficient or that he was prejudiced in this regard. Movant was convicted in Missouri of stealing from a person. Movant stole a gun from a police officer after trying to elude her on foot and punching her in the face and upper body. A theft from a person is a "crime of violence" under United States Sentencing Guidelines § 4B1.2 (a). U.S. v. Strong, 415 F.3d 902, 908 (8th Cir. 2005). Movant was also convicted of illegal sale of a controlled substance in Missouri, which is a "controlled substance offense" under § 4B1.2 (b). Movant's Fourth Ground for relief has no merit.

### E. Blakey/Apprendi Argument

As for the Fifth Ground for relief, movant argues that his sentence was imposed in violation of the rules announced in Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and his counsel was ineffective for failing to object on this basis. In Apprendi, the Supreme Court held that any factor, other than a prior conviction, which increases a criminal defendant's sentence beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490. In Blakely, the Supreme Court clarified the Apprendi ruling, holding that the term "statutory maximum" in this context means "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. The Supreme Court also explained that a defendant may waive

7

his Apprendi rights: "When a defendant pleads guilty, the [Government] is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Id. at 310.

As discussed above, the parties stipulated that the offense for which movant pleaded guilty involved three firearms, one of which was stolen, and that movant should received a four level enhancements as a result. Movant thus admitted the relevant facts regarding the firearms. Because movant admitted the facts necessary to support the finding that there were three firearms and one was stolen, the Court did not err in making the finding and there is no claim that his sentence exceeded the maximum authorized. As such, neither Blakely nor subsequent decisions would render movant's plea or sentence constitutionally infirm. See United States v. Parsons, 408 F.3d 519, 521 (8th Cir. 2005).

For these reasons, movant has not met the burden to establish that his attorney's advice "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Further, movant has not alleged prejudice as a result of his attorney's advice to plead guilty. Under Strickland, a defendant must prove both constitutionally defective assistance of counsel and prejudice. Patterson v. United States, 133 F.3d 645, 647 (8th Cir. 1998). Movant's allegations in Ground Five therefore fail to establish either prong of the test. This ground should be dismissed.

*Conclusion*

For the foregoing reasons, movant's claims in Grounds Two, Four and Five are denied. The Court will hold an evidentiary hearing to determine the facts relating to the movant's claim that his

counsel failed to file a notice of appeal and that his attorney was ineffective for failing to sub a psychological examination report and seek a departure based on diminished capacity.

Accordingly,

**IT IS HEREBY ORDERED** that movant Lejuan Carter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED in part** and **held in abeyance in part**; said Motion is **DENIED** with respect to the claims asserted in Grounds Two, Four and Five, and **held in abeyance** pending an evidentiary hearing with respect to the claims asserted in Grounds One and Three. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing to determine the facts relating to the alleged failure of movant's counsel to file a notice of appeal, and her alleged failure to seek a downward departure for diminished capacity based on psychological examination report .

**IT IS FURTHER ORDERED** that attorney Ms. JoAnn Trog of Menees & Whitney, 121 W. Adams, St. Louis, Missouri 63122, telephone number (314) 821-111, is appointed to represent Lejuan Carter at the evidentiary hearing. The Clerk of the Court shall provide movant's appointed counsel with a complete copy of the Court file in this habeas case and the underlying criminal action, United States v. LeJuan Carter, 4:04-CR-366 CAS.

**IT IS FURTHER ORDERED** that the presence and participation of Lejuan Carter, Inmate #31045-044, is required for the evidentiary hearing, which will be held before this Court on Tuesday, **January 20, 2009**, at 11:00 a.m. in Courtroom No. 12-N.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant from FCI Greenville, in Greenville, Illinois, to this Court, to attend this hearing.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the dismissed claims raised in movant's § 2255 motion. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 342 (2003).

An appropriate partial judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___16th___ day of December, 2008.